IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL WAYNE TOBIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of | : | |
| Social Security | : | NO. 20-3757 |

## **MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                             May 25, 2021

Michael Wayne Tobin ("Plaintiff") seeks review of the Commissioner's decision denying his claim for disability insurance benefits ("DIB"). For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

### I.    **PROCEDURAL HISTORY**

Plaintiff was born in August 1, 1988, and applied for DIB on October 11, 2016, alleging disability as of August 1, 2014, due to cyclical vomiting syndrome ("CVS"), abdominal migraines, migraines, anxiety, depression, and intestinal malrotation. Tr. at 68, 186, 189, 234.[1] After his claim was denied initially, id. at 69-73, he requested a hearing before an administrative law judge ("ALJ"), id. at 77-78, which occurred on March 29, 2019. Id. at 33-57. On April 17, 2019, the ALJ denied Plaintiff's claim. Id. at 10-21. On June 3, 2020, the Appeals Council denied Plaintiff's request for review, id. at

---

[1]To be entitled to DIB, a claimant must establish that he became disabled on or before his date last insured. Plaintiff's date last insured at the time of his application was December 31, 2019. See tr. at 234.

1-6, making the ALJ's April 17, 2019 decision the final decision of the Commissioner. 20 C.F.R. § 404.1572.

Plaintiff initiated this action by filing his complaint on August 2, 2020. Doc. 1. In response to Plaintiff's brief in support of his request for review (Doc. 15), Defendant filed an uncontested motion for remand that does not specify the basis for the requested remand other than to say that the case requires further administrative action. Doc. 16 ¶ 2.[2] Defendant represents that on remand "the Commissioner . . . will refer the case to an [ALJ] for further proceedings, including the opportunity for a hearing and a new decision that reconsiders Plaintiff's claim." Id. ¶ 3.

## II. DISCUSSION

Plaintiff challenges the merits of the ALJ's decision. Because remand is uncontested, I will comment only briefly on Plaintiff's arguments.

Review of the record reveals that Plaintiff suffers from a significant number of often intertwined impairments, with diagnoses including migraine headaches, CVS, irritable bowel syndrome ("IBS") with diarrhea, anxiety, and depression, among others. E.g. tr. at 460, 748, 771, 876, 1582, 1586, 1658, 1666 (migraine/abdominal migraine); 189, 204, 214, 446, 454, 495, 502, 1014, 1016, 1582, 1586, 1658, 1666, 1684, 1687, 1692 (anxiety/depression); 446, 454, 489, 495, 503, 555, 748, 779 (CVS or intractable vomiting), 265-68 (calendar of vomiting 01/01/17 to 02/25/19). Plaintiff argues that the

---

[2]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 3.

ALJ improperly relied upon his own lay judgment and failed to understand Plaintiff's primary impairments, and that the ALJ failed to include all of Plaintiff's functional limitations in his RFC assessment. Doc. 15 at 4.

In his decision, the ALJ found that Plaintiff has severe impairments of migraine, CVS, and IBS. Tr. at 12. The ALJ found that Plaintiff's substance abuse and mental disorders are not severe impairments, and that none of his conditions meet or medically equal the listing of impairments. Id. at 12-13, 14. He found that Plaintiff retains the RFC to perform the full range of light work. Id. t 14. The ALJ accepted the vocational expert's ("VE") testimony that a person with Plaintiff's vocational factors and RFC could perform work Plaintiff's past relevant work as a cashier and auto salesperson. Id. at 19.

With respect to the ALJ's consideration of Plaintiff's primary impairments, it is notable that Plaintiff has multiple and often intertwined impairments that have resulted in multiple hospitalizations throughout 2016 and early 2017 as well as in October 2018 and February 2019, tr. at 16-18, and yet the ALJ rendered his decision in April 2019 without the benefit of any opinion evidence more recent than February 2017. Id. at 18. For example, the record is replete with evidence of significant problems attributable to Plaintiff's multiple gastrointestinal impairments. The ALJ acknowledged record evidence that Plaintiff experiences stomach cramping, diffuse abdominal pain and tenderness, low back pain, chronic wall thickening, abdominal mass due to a "bowel loop" in the colon, and hiatal hernia, id. at 15-18 (with record citations), and the record contains numerous references to additional symptoms associated with Plaintiff's impairments, including weight gain and loss, cramping and diarrhea, bile and related

3

issues, and fatigue. Nevertheless, the ALJ did not obtain an updated expert opinion. Moreover, in light of evidence that Plaintiff's limited treatment during most of 2014 through 2016 is attributable to his indigent status and lack of insurance, together with record evidence of mental impairments, the ALJ's failure to obtain a mental consultative examination is also problematic.

With respect to the ALJ's RFC assessment, the ALJ found that Plaintiff could perform the full range of light work, and that he could therefore perform his past relevant work. However, the ALJ failed to make a specific finding as to how many hours Plaintiff could lift and carry, despite evidence of some limitation related to his right arm and shoulder. Tr. at 1052-1102, 1577, 1580, 1685. Although the ALJ accepted the state agency physician's opinion in its entirety, the ALJ disregarded the postural and non-exertional limitations contained in the doctor's assessment. The ALJ also failed to address whether Plaintiff could sustain any work, as for example Plaintiff has a history of absenteeism and unscheduled breaks attributed to his conditions, and requires multiple and lengthy bathroom breaks during the day as a result of his IBS and CVS impairments, both of which the ALJ found to be severe. Additionally, the ALJ's own findings indicate that Plaintiff was repeatedly hospitalized during the period at issue. See id. at 17 (noting Plaintiff was hospitalized nine times within 2016).

Finally, with respect to Plaintiff's mental impairments, the ALJ found that Plaintiff had mild mental functional limitations in the areas of interacting and responding to others and concentrating, persisting, and maintaining pace. Tr. at 13. However, the ALJ failed to include any mental functional limitations in his RFC hypotheticals to the

4

VE, and in the RFC assessment. Id. at 14, 51-52. This omission is compounded by the fact that Plaintiff's past relevant work as a cashier and auto salesperson are both extremely social jobs.

For all of these reasons, I will grant the motion for remand.

### III. CONCLUSION

For the foregoing reasons, I will grant the Defendant's unopposed motion for remand.

An appropriate Order and Judgment Order follow.